IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03869-GPG

BELKIS MURILLO-AMADOR,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility Aurora;
TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice;
TODD LYONS, in his official capacity as Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security;
GEORGE VALDEZ, in his official capacity as Director, El Paso Field Office, U.S. Immigration and Customs Enforcement, and
U.S. DEPARTMENT OF HOMELAND SECURITY;

Respondents.

---

**ORDER**

---

Before the Court is the Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1). The Court holds the Petition in abeyance.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens

subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

Petitioner Belkis Murillo-Amador (Petitioner) seeks her release from ongoing detention (D. 1). But she was only detained on June 26, 2026 (*id*. at 2), approximately three months ago. The Court has reviewed the record and finds no reason that the presumptive 6-month period should not apply in this case.

Accordingly, it is ORDERED that Respondents shall file a status update on December 26, 2026, including information Petitioner's detention, the status of any ongoing immigration proceedings, the prospects for removal in the foreseeable future, and any Decision to Continue Detention for Respondent. Respondent may file a status update sooner if Petitioner is removed. Petitioner may file a response within seven days thereafter.

DATED September 28, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge